IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| MICHAEL HENRY ANDERSON,<br><br>Plaintiff,<br><br>vs.<br><br>DAN DELTEN,<br><br>Defendant. | CV 17-00063-H-BMM-JTJ<br><br><br><br>ORDER |
| MICHAEL HENRY ANDERSON,<br><br>Plaintiff,<br><br>vs.<br><br>TOM SMIKINS and DAN JOHNSON,<br><br>Defendants. | CV 17-00070-H-BMM-JTJ<br><br><br><br>ORDER |

Plaintiff Michael Anderson, a prisoner proceeding without counsel, filed two Complaints alleging that officers at Montana State Prison told other inmates he was a sex offender and a homosexual and as a result he was assaulted on several occasions. Rule 42(a) of the Federal Rules of Civil Procedure permits the Court to consolidate cases which, in the Court's judgment, involve common

1

questions of law or fact. Fed. R. Civ. P. 42(a). The Court has "broad discretion" under Rule 42(a) "to consolidate cases pending in the same district." *Inv'rs Research Co. v. U.S. Dist. Ct. for Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989). In exercising this discretion, the Court "balance[s] the interest of judicial convenience against the potential for delay, confusion and prejudice that may result from such consolidation." *Sapiro v. Sunstone Hotel Inv'rs, L.L.C.*, 2006 WL 898155, at *1 (D. Ariz. Apr. 4, 2006) (citations omitted).

Upon consideration of these factors and independent review of the two complaints, the Court concludes that the cases should be consolidated. The cases raise common questions of fact and the cases can be consolidated without giving rise to delay, confusion, or prejudice.

To clarify the nature of the claims raised in these actions, the Court will require Mr. Anderson to file an amended complaint which includes all his claims.

## I. STATEMENT OF THE CASES

### A. Parties

Mr. Anderson is incarcerated at Montana State Prison in Deer Lodge, Montana. In Civil Action 17cv63 he names Dan Delten as a Defendant. In Civil Action 17cv70 he names Tom Smikins and Dan Johnson. All Defendants are officers employed at Montana State Prison.

### B. Allegations

#### 1. Civil Action No. 17cv63

In the body of his Complaint, Mr. Anderson alleged that Dan Delton, a disciplinary hearing officer threatened him and stated "If I close this door, I would cut off your fingers or even kill you and noone would know." (Doc. 2.)

In his "Inmate Statement" filed as a supplement, Mr. Anderson alleged that on February 22, 2017 he heard Tom Smikins tell Dan Delton that, "I/M Anderson is a fag and he is a cho mo (child molester)." (Doc. 4 at 1.) Later Dan Delton asked Mr. Anderson who he had molested. Later Tom Smikins called Mr. Anderson into his office with Brad Miller and Joanne Reese and said, "so you want to slap me huh." Mr. Anderson asked Officer Smikins what he was talking about. Mr. Anderson wrote an informal grievance about this issue which was not processed. He alleges he got beat up on his block because of this matter and suffered a dislocated shoulder. Later that day he was put in the hole for threatening Tom Smikins. When he got out of max and back to his unit, he was beat up several more times because inmates found out that he was a sex offender and was gay. He alleges Dan Delton told other inmates of his crime which led to him being beaten up. (Doc. 4.)

He alleges he reported his shoulder injury to medical and they put him on

Meloxicam and since he has been there his seizures have been getting worse. Dr. Kohut ordered CT scans and an MRI to look for further evidence of trauma to his brain. (Doc. 4 at 2.)

He alleges these men caused much harm to his safety and body. He alleges he has lost around $300-$350 because of the loss of his hobby, his job, and because he had to send out property due to being put in the hole. (Doc. 4 at 2.)

### 2. Civil Action No. 17cv70

Mr. Anderson alleges that on February 22, 2017, Tom Smikins told Officer Dan Johnson that Mr. Anderson was a sex offender and was gay. Later, Officer Johnson asked Mr. Anderson "who did you molest you fagot?" Mr. Anderson alleges Officer Johnson was telling other inmates "how I must of been sucking off old guys to get in here." Later Mr. Anderson got beat up by three inmates and dislocated his shoulder. He alleges Tom Smikins told other staff and inmates about his crimes and being a homosexual which got him beaten up.

Mr. Anderson then repeated his allegations that Tom Smikins called him into his office, how he got beat up and suffered a dislocated shoulder. (Doc. 5.)

## II. SCREENING PURSUANT TO 28 U.S.C. §§ 1915, 1915A

### A. Standard

Mr. Anderson is a prisoner proceeding in forma pauperis so the Court must

review his Complaint under 28 U.S.C. §§ 1915, 1915A. Sections 1915A(b) and 1915(e)(2)(B) require the Court to dismiss a complaint filed in forma pauperis and/or by a prisoner against a governmental defendant before it is served if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A case is malicious if it was filed with the intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted). Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).

Rule 8 of the Federal Rules of Civil Procedure provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed.R.Civ.P. 8(a)(2). In order to satisfy the requirements in Rule 8 a complaint's allegations must cross "the line from conceivable to plausible." *Ashcroft v. Iqbal*, 556 U.S. 662, 680

5

(2009).

There is a two-step procedure to determine whether a complaint's allegations cross that line. *See Twombly*, 550 U.S. at 556; *Iqbal*, 556 U.S. 662. First, the Court must identify "the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679, 680. Factual allegations are not entitled to the assumption of truth if they are "merely consistent with liability," or "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional" claim. *Id.* at 679, 681. A complaint stops short of the line between probability and the possibility of relief where the facts pled are merely consistent with a defendant's liability. *Id.* at 678.

Second, the Court must determine whether the complaint states a "plausible" claim for relief. *Iqbal*, 556 U.S. at 679. A claim is "plausible" if the factual allegations, which are accepted as true, "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). If the factual allegations, which are accepted as true, "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." *Id.* (*citing*

6

Fed.R.Civ.P. 8(a)(2)).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardu*, 551 U.S. 89, 94 (2007); *cf.* Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice").

### B. Analysis

Mr. Anderson's allegations are somewhat convoluted so it is not entirely clear what claims he is attempting to make. The Court has liberally construed the following possible claims from Mr. Anderson's various filings: (1) a claim that Officer Delton threatened him with bodily injury; (2) a failure to protect claim against Defendants Delton, Johnson, and Smikins; (3) a due process claim regarding his placement in "the hole"; and (4) a potential medical care claim.

#### 1. Threats of Bodily Injury

Mr. Anderson first alleges that Officer Delton threatened him with bodily injury. As a general rule, allegations of verbal harassment do not state a viable claim under section 1983. *See Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987). A "mere threat" of bodily harm fails state a cause of action, even if it is "a threat to do an act prohibited by the Constitution." *Gaut v. Sunn*, 810 F.2d

7

923, 925 (9th Cir. 1987) (per curiam) (mere threat of bodily harm did not state cognizable civil rights claim). This claim will be recommended for dismissal in a subsequent order.

### 2. Failure to Protect

Mr. Anderson also alleges that Defendants Delton, Smikins, and Johnson told other inmates he was a sex offender and homosexual which lead to him being assaulted. Verbal harassment intended to endanger an inmate may violate the Constitution. Conduct by prison officials that is "sure or very likely to cause" future serious injury to an inmate may state an Eighth Amendment claim. *Helling v. McKinney*, 509 U.S. 25, 33 (1993) ("[T]he Eighth Amendment protects against future harm to inmates[.]"). This may include harm to a prisoner's reputation, where, for example, the slander is likely to cause other prisoners to attack the plaintiff. *See, e.g., Valandingham v. Bojorquez*, 866 F.2d 1135, 1138–39 (9th Cir. 1989) (claim that prison officials labeled prisoner- plaintiff a snitch for the purpose of subjecting him to life-threatening retaliation by other inmates actionable under section 1983); *Benefield v. McDowall*, 241 F.3d 1267, 1272 (10th Cir. 2001) (allegations that inmate feared assault after falsely being labeled a snitch stated an Eighth Amendment claim).

Mr. Anderson alleges Defendants told other inmates about the nature of his

crimes which caused other inmates to assault him. The Court has considered whether these allegations are frivolous, malicious, fails to state a claim, or seek solely monetary relief from a defendant who is immune. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b). It has also considered whether Mr. Anderson has a reasonable opportunity to prevail on the merits. *See* 42 U.S.C. § 1997e(g). Dismissal is not appropriate at this time and the Court will require Defendants to respond to this claim in a subsequent order.

### 3. Discipline

The Due Process Clause of the Fourteenth Amendment protects prisoners from being deprived of life, liberty, or property without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). To state a claim for a due process violation, a plaintiff must allege (1) that he had a protected liberty interest and (2) was deprived of that interest without adequate due process. If there is no liberty interest at stake, the Constitution does not require any process, and the second element becomes irrelevant. *Meachum v. Fano*, 427 U.S. 215, 223-24 (1976); *Board of Regents v. Roth*, 408 U.S. 564, 569 (1972); *Erickson v. United States*, 67 F.3d 858, 861 (9th Cir. 1995).

In the prison setting, a liberty interest is recognized and protected only if state officials or employees take actions that either (1) affect the sentence imposed

in an unexpected manner, or (2) impose a hardship that is atypical and significant in relation to the ordinary incidents of prison life. *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995); *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003).

In Mr. Anderson's case, the threshold requirement for showing a liberty interest is not met. Mr. Anderson was convicted of sexual intercourse without consent in November 2008. The court imposed a 40-year sentence with 20 years suspended. *State v. Anderson,* DA 13-0724 (November 19, 2013). "Confinement in any of the State's institutions is within the normal limits or range of custody which the conviction has authorized the State to impose." *Meachum*, 427 U.S. at 225. Consequently, placement in any part of a Montana prison would not affect Mr. Anderson's sentence in an unexpected manner. Thus, the first prong of the *Sandin* test for a liberty interest is not met.

The second prong of the *Sandin* test requires the Court to consider whether a hardship is "atypical and significant" which depends on three factors:

> 1) whether the challenged condition 'mirrored those conditions imposed upon inmates in administrative segregation and protective custody,' and thus comported with the prison's discretionary authority; 2) the duration of the condition, and the degree of restraint imposed; and 3) whether the state's action will invariably affect the duration of the prisoner's sentence.

*Ramirez*, 334 F.3d at 861 (citing *Sandin*, 515 U.S. at 486-87). Mr. Anderson

alleges he was placed in the hole and lost around $300-$350 because of the loss of his hobby, his job, and because he had to send out property due to being put in the hole. This is not sufficient information to establish a liberty interest regarding the discipline he received. Placement in administrative segregation is insufficient to establish an atypical or significant in comparison to inmates in protective custody or inmates whose placement has not yet been determined. *Sandin*, 115 S.Ct. at 2301 (30 days disciplinary segregation not "atypical" where no evidence that difference from other kinds of segregation); *c.f. Wilkinson v. Austin*, 545 U.S. 209 (2005) (placement in a supermax prison where inmates were deprived of almost all human contact for an indefinite period of time and lost their parole eligibility gave rise to a liberty interest). Mr. Anderson must provide additional information regarding the conditions in "the hole" and how long he was placed there.

Even if Mr. Anderson can establish that he had a liberty interest in not being placed in the hole, he makes no allegations regarding a lack of due process. "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff*, 418 U.S. at 556. With respect to prison disciplinary proceedings, the minimum procedural requirements that must be met are: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the

time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses and present documentary evidence in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. *Id.* at 563-71. As long as the five minimum *Wolff* requirements are met, due process has been satisfied. *Walker v. Sumner*, 14 F.3d 1415, 1420 (9th Cir. 1994).

Further, "the requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board . . . " *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985); *see also Touissaint v. McCarthy*, 926 F.2d 800, 802-03 (9th Cir. 1991); *Bostic v. Carlson*, 884 F.2d 1267, 1269-70 (9th Cir. 1989); *Jancsek, III v. Oregon Board of Parole*, 833 F.2d 1389, 1390 (9th Cir. 1987); *Cato v. Rushen*, 824 F.2d 703, 705 (9th Cir. 1987); *see Burnsworth v. Gunderson*, 179 F.3d 771, 774-74 (9th Cir. 1999) (where there is no evidence of guilt may be unnecessary to demonstrate existence of liberty interest.) The standard is not particularly stringent and the relevant inquiry is whether "there is any evidence in the record that could support the conclusion reached . . . " *Id.* at

455-56 (emphasis added)). However, while the due process requirements for a prison disciplinary hearing are in many respects less demanding than those for criminal prosecution, they are not so lax as to let stand the decision of a biased hearing officer who dishonestly suppresses evidence of innocence. *Edwards v. Balisok*, 520 U.S. 641, 647 (1997) *cf. Wolff v. McDonnell*, 418 U.S. 539, 570-571 (1974).

Mr. Anderson provides no factual information regarding the process he received when he was placed in the hole. He must amend this claim if he wishes to pursue it further.

### 4. Medical Care

Mr. Anderson makes some vague allegations regarding his medical care but does not indicate that he suffered an injury or that any named Defendant was involved in his medical care. His allegations as stated fail to state a claim. Should he wish to amend this claim he must name a proper defendant and he must set forth allegations which meet the following standards.

To prevail on an Eighth Amendment medical care claim, a prisoner must demonstrate "deliberate indifference to serious medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (*citing Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). There are two prongs to the deliberate-indifference analysis. First, a

prisoner must show a "serious medical need." *Jett*, 439 F.3d at 1096 (citations omitted). A "'serious' medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992) (internal citation omitted). Examples of a serious medical need include "[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *McGuckin*, 974 F.2d at 1059–60.

Second, a prisoner must show that the defendant's response to that need was deliberately indifferent. *Jett*, 439 F.3d at 1096. This second prong is met if the prisoner demonstrates (1) a purposeful act or failure to respond to a prisoner's medical need and (2) harm caused by the indifference. *Id.* Prison officials are deliberately indifferent if they deny, delay, or intentionally interfere with medical treatment. *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).

Even assuming Mr. Anderson suffers from a serious medical need (which has not been established), under the liberal standard applied to pro se pleadings, his Complaint as currently plead is insufficient to establish deliberate indifference. He may amend this claim.

## III. CONCLUSION

28 U.S.C. §§ 1915, 1915A requires the dismissal of a complaint which fails to state a claim upon which relief may be granted, but it does not deprive the district court of its discretion to grant or deny leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The Court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d. at 1127 (*quoting Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

As currently plead, Mr. Anderson's claims of verbal harassment, due process, and denial of medical care fail to state a claim upon which relief may be granted and are subject to dismissal. But it may be possible to cure these defects by the allegation of additional facts. Accordingly, Mr. Anderson will be given an opportunity to file an amended complaint to provide additional information. Alternatively, he may advise that Court that he wishes to proceed solely on his failure to protect claims against the named defendants.

Any amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaints by reference. Once Mr. Anderson files an amended complaint, it replaces the original complaints and the original complaints no longer serve a function in the

case. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). If Mr. Anderson fails to use the court-approved form, the Court may strike the amended complaint and recommend the dismissal of this action. Mr. Anderson may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir.2007) (no "buckshot" complaints).

Any amended complaint must consist of short, plain statements telling the Court: (1) the rights Mr. Anderson believes were violated; (2) the name of the defendant(s) who violated the rights; (3) exactly what <u>each</u> defendant did or failed to do; (4) how the action or inaction of that defendant is connected to the violation of Mr. Anderson's rights; (5) when the alleged actions took place; and (6) what injury Mr. Anderson suffered because of that defendant's conduct. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

Mr. Anderson must repeat this process for each defendant. Conclusory statements are not enough, nor are declarations that all defendants violated some law or statute. Instead, Mr. Anderson must provide specific factual allegations for each element of each of his claims, and must state with specificity to which defendants each of his claims apply. If Mr. Anderson fails to affirmatively link the conduct of a defendant with an injury suffered, the allegation against that defendant will be dismissed for failure to state a claim.

In describing the acts and/or omissions of the individual defendants, Mr. Anderson is advised that Section 1983 imposes individual liability upon state actors only when their personal conduct violates a plaintiff's constitutional rights. *Monell v. Department of Social Services*, 436 U.S. 658, 691-94 (1978). This can be established in two ways. First, an individual can be held liable for their own personal acts which directly cause an injury. Secondly, an individual can be held liable in their individual capacity under a theory of supervisory liability. "A defendant may be held liable as a supervisor under § 1983 if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011). To impose liability under section 1983 against a supervisor, a plaintiff must establish the supervisor's <u>prior</u> knowledge of unconstitutional conduct committed by subordinates that would give the supervisor notice of the need for changes. *Howell v. Earl*, 2014 WL 2594235 (D.Mont. 2014)(*citing Starr*, 652 F.3d at 1208; *Dougherty v. City of Covina*, 654 F.3d 892, 900–01 (9th Cir. 2011)); *see also Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991), *Watkins v. City of Oakland*, 145 F.3d 1087, 1093–94 (9th Cir. 1997), and *Blankenhorn v. City of Orange*, 485 F.3d 463 (9th Cir. 2007).

Section 1983 will not impose liability on supervising officers under a respondeat superior theory of liability. *Monell*, 436 U.S. at 691-94. That is, a defendant cannot be held liable just because they supervise other employees. Instead, supervising officers can be held liable under § 1983 "only if they play an affirmative part in the alleged deprivation of constitutional rights." *King v. Atiyeh*, 814 F.2d 565, 568 (9th Cir. 1987).

A supervisor may be liable: (1) for setting in motion a series of acts by others, or knowingly refusing to terminate a series of acts by others, which they knew or reasonably should have known would cause others to inflict constitutional injury; (2) for culpable action or inaction in training, supervision, or control of subordinates; (3) for acquiescence in the constitutional deprivation by subordinates; or (4) for conduct that shows a reckless or callous indifference to the rights of others. *Larez*, 946 F.2d at 646.

Allegations against supervisors which resemble "bald" and "conclusory" allegations should be dismissed. *Hydrick v. Hunter*, 669 F.3d 937 (9th Cir. 2012). Mr. Anderson must allege "sufficient facts to plausibly establish the defendant's 'knowledge of' and 'acquiescence in' the unconstitutional conduct of his subordinates." *Hydrick*, 669 F.3d at 942 (*citing Starr*, 652 F.3d at 1206–07).

Based on the foregoing, the Court issues the following:

**ORDER**

1. Civil Action Nos. 17-00063-H-BMM-JTJ and 17-00070-H-BMM-JTJ are consolidated for all purposes. Civil Action 17-cv-00063-H-BMM-JTJ will be the lead case in which all further docketing shall be done.

2. On or before December 8, 2017, Mr. Anderson may file an amended complaint. Alternatively, he may notify the Court that he wishes to proceed solely on his failure to protect claims against Defendants.

3. The Clerk of Court shall provide Mr. Anderson with a form for filing an amended complaint.

4. At all times during the pendency of this action, Mr. Anderson must immediately advise the Court and opposing counsel of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

DATED this 8th day of November, 2017.

                                    */s/ John Johnston*
                                    John Johnston
                                    United States Magistrate