IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| MICHAEL HENRY ANDERSON,<br><br>Plaintiff,<br><br>vs.<br><br>DAN DELTEN, TOM SMIKINS and DAN JOHNSON,<br><br>Defendants. | CV 17-00063-H-BMM-JTJ<br>(CV 17-00070-H-BMM-JTJ)<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |
| MICHAEL HENRY ANDERSON,<br><br>Plaintiff,<br><br>vs.<br><br>BEN BOULEY,<br><br>Defendant. | CV 18-00004-H-BMM-JTJ<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Plaintiff Michael Anderson, a prisoner proceeding without counsel, filed an Amended Complaint in consolidated Civil Actions 17cv63 and 17cv70 alleging Defendants told other inmates that he was a sex offender and a homosexual, failed to protect him, and as a result he was assaulted by other inmates on several occasions. (Civil Action No. 17cv63, Amended Complaint, Doc. 12.)

On January 10, 2018, Mr. Anderson filed a motion to proceed in forma

1

pauperis and a new Complaint raising similar allegations against Ben Bouley claiming that Mr. Bouley made it known that Mr. Anderson is transgender/gay and a sex offender which caused other inmates to sexually harass him, threaten him, and assault him. He also alleges that Mr. Bouley treated him unfairly, came onto to him, put him in the hole in retaliation for not having sex with him, and made him lose property. (Civil Action No. 18cv04, Doc. 2.)

## I. Consolidation

Rule 42(a) of the Federal Rules of Civil Procedure permits the Court to consolidate cases which, in the Court's judgment, involve common questions of law or fact. Fed. R. Civ. P. 42(a). The Court has "broad discretion" under Rule 42(a) "to consolidate cases pending in the same district." *Inv'rs Research Co. v. U.S. Dist. Ct. for Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989). In exercising this discretion, the Court "balance[s] the interest of judicial convenience against the potential for delay, confusion and prejudice that may result from such consolidation." *Sapiro v. Sunstone Hotel Inv'rs, L.L.C.*, 2006 WL 898155, at *1 (D. Ariz. Apr. 4, 2006) (citations omitted).

Upon consideration of these factors and independent review of the three complaints, the Court concludes that the cases should be consolidated. The cases raise common questions of fact and the cases can be consolidated without giving

rise to delay, confusion, or prejudice.

## II. 18cv04-H-BMM-JTJ Motion to Proceed in Forma Pauperis

Mr. Anderson filed a Motion to Proceed in Forma Pauperis in his new action and submitted an account statement sufficient to make the showing required by 28 U.S.C. §1915(a). The request to proceed in forma pauperis will be granted.

Pursuant to 28 U.S.C. § 1915(b)(1), Mr. Anderson must pay the statutory $350.00 filing fee. Mr. Anderson submitted an account statement showing an inability to pay that fee; therefore, the initial partial filing fee is waived, and he may proceed with the case. *See Bruce v. Samuels*, 136 S.Ct 627, 629 (2016)("the initial partial filing fee may not be exacted if the prisoner has no means to pay it, § 1915(b)(4)"). Mr. Anderson will be required to pay the fee in installments and make monthly payments of 20% of the preceding month's income credited to his prison trust account. The percentage is set by statute and cannot be altered. 28 U.S.C. § 1915(b)(2). Mr. Anderson must make these monthly filing-fee payments simultaneously with the payments required in the other cases he has filed. *Id.* By separate order, the Court will direct the facility where Mr. Anderson is held to forward payments from Mr. Anderson's account to the Clerk of Court each time the account balance exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

### III. Analysis

Mr. Anderson is a prisoner proceeding in forma pauperis so the Court must review his Complaints under 28 U.S.C. §§ 1915, 1915A. Sections 1915A(b) and 1915(e)(2)(B) require the Court to dismiss a complaint filed in forma pauperis and/or by a prisoner against a governmental defendant before it is served if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

Mr. Anderson's allegations in his new Complaint that Mr. Bouley treated him unfairly, came onto to him and made him lose a lot of property fail to state a claim upon which relief may be granted and should be dismissed.

### A. Sexual Harassment

The Eighth Amendment does "not necessarily extend to mere verbal sexual harassment." *Austin v. Terhune*, 367 F.3d 1167, 1171 (9th Cir. 2004); *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987); *Minifield v. Butikofer*, 298 F. Supp. 2d 900, 903-04 (N.D. Cal. 2004) ("Allegations of verbal harassment and abuse fail to state a claim cognizable under 42 U.S.C. § 1983"). Courts have repeatedly determined such conduct does not satisfy the "unnecessary and wanton infliction of pain" standard under the Eighth Amendment. *See, e.g., Blueford v. Prunty*, 108 F.3d 251, 256 (9th Cir. 1997) (affirming summary adjudication in favor of the

prison officials where "the only arguably sexually harassing conduct . . . was verbal"); *Morales v. Mackalm*, 278 F.3d 126, 132 (2d Cir. 2002) (allegations that prison guard asked prisoner to have sex with her and to masturbate in front of her and other female staffers did not rise to level of Eighth Amendment violation); *Barney v. Pulsipher*, 143 F.3d 1299, 1311 n. 11 (10th Cir. 1998) (allegations that a county jailer subjected female prisoners to severe verbal sexual harassment and intimidation was not sufficient to state a claim under the Eighth Amendment); *Zander v. McGinnis*, 1998 U.S. App. LEXIS 13533, 1998 WL 384625, at *2 (6th Cir. June 19, 1998) (finding a prisoner's claim that a guard called him "pet names" for ten months failed to support an Eighth Amendment claim "because allegations of verbal abuse do not rise to the level of a constitutional violation"). As Mr. Anderson was informed in a prior Order, allegations of verbal harassment, even if they are sexual in nature, do not state a viable claim under section 1983. *See Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987).

### B. Deprivation of Property

Mr. Anderson has also failed to state a claim for deprivation of property. The Due Process Clause of the Fourteenth Amendment protects prisoners from being deprived of life, liberty, or property without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). To state a cause of action for deprivation of

5

procedural due process, a plaintiff must first establish the existence of a protected liberty or property interest and then show that the procedures attendant upon the deprivation were not constitutionally sufficient. *Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 459–60 (1989).

Prisoners have a protected interest in their personal property. *Hansen v. May*, 502 F.2d 728, 730 (9th Cir. 1974). An authorized, intentional deprivation of property (one carried out pursuant to established state procedures) is actionable under the Due Process Clause. *Hudson v. Palmer*, 468 U.S. 517, 532, n. 13 (1984) (*citing Logan v. Zimmerman Brush Co.*, 455 U.S. 422 (1982)); *Piatt v. McDougall*, 773 F.2d 1032, 1036 (9th Cir. 1985). Negligent and/or unauthorized intentional deprivations of property by a state employee, however, do not "constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available." *Hudson*, 468 U.S. at 533; *Parratt v. Taylor*, 451 U.S. 527, 535–44 (1981) (no due process violation where a state employee negligently lost prisoner's hobby kit), *overruled in part on other grounds, Daniels v. Williams*, 474 U.S. 327, 330–31 (1986).

Mr. Anderson makes no allegation that the alleged deprivation of his property was authorized. He appears to allege an unauthorized intentional

deprivation of property. Therefore, there is no due process violation if he has a meaningful post-deprivation remedy for the loss. The Montana Tort Claims Act, Mont. Code Ann. §§ 2–9–101, et seq., provides prisoners an adequate post-deprivation remedy. Mr. Anderson's due process claims fail as a matter of law.

### C. Remaining Allegations in CV 18-04 and Amended Complaint in 17-63

The Court has considered whether the remaining allegations against Defendants Bouley in Civil Action No. 18cv04 and his allegations in the Amended Complaint filed in Civil Action No. 17cv63 are frivolous, malicious, fail to state a claim, or seek solely monetary relief from a defendant who is immune. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b). It has also considered whether Mr. Anderson has a reasonable opportunity to prevail on the merits. *See* 42 U.S.C. § 1997e(g). Dismissal is not appropriate at this time and Defendants must respond to the Amended Complaint filed in Civil Action 17-cv-63-H-BMM-JTJ. In addition, Defendant Bouley must respond to Mr. Anderson's claims that (1) Mr. Bouley made it known that Mr. Anderson is transgender/gay and a sex offender which caused other inmates to sexually harass him, threaten him, and assault him, and (2) that Mr. Bouley put Mr. Anderson in the hole in retaliation for not having sex with him. *See* 42 U.S.C. § 1997e(g)(2) (while Defendants may occasionally be

7

permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that plaintiff has a "reasonable opportunity to prevail on the merits," Defendant is required to respond).

Based on the foregoing, the Court issues the following:

## ORDER

1. Civil Action Nos. 17-00063-H-BMM-JTJ, 17-00070-H-BMM-JTJ, and 18-00004-H-BMM-JTJ are consolidated for all purposes. Civil Action 17-00063-H-BMM-JTJ will be the lead case in which all further docketing shall be done. No further filing shall be done in Civil Action Nos. 17-00070-H-BMM-JTJ and 18-00004-H-BMM-JTJ

2. Pursuant to Fed. R. Civ. P. 4(d), the Court requests Defendants to waive service of summons of the Amended Complaint in Civil Action No. 17-cv-63-H-BMM-JTJ and the original Complaint in Civil Action No. 18-cv-04-H-BMM-JTJ by executing, or having counsel execute, the Waiver of Service of Summons. The Waiver must be returned to the Court within thirty (30) days of the entry date of this Order as reflected on the Notice of Electronic Filing. If Defendants choose to

return the Waiver of Service of Summons, their answer or appropriate motion will be due within 60 days of the entry date of this Order as reflected on the Notice of Electronic Filing, pursuant to Fed. R. Civ. P. 12(a)(1)(B).  *See also* 42 U.S.C. § 1997e(g)(2).

    3.  The Clerk of Court shall e-mail the following documents to Legal Counsel for the Montana Department of Corrections:

    From Civil Action No. 17cv63-H-BMM-JTJ:
*     Complaint (Doc. 1)
*     Supplement (Doc. 4)
*     Order dated November 8, 2017 (Doc. 11)
*     Amended Complaint (Doc. 12)

    From Civil Action No. 17cv70-H-BMM-JTJ
*     Complaint (Doc. 2)
*     Supplement (Doc. 5)

    From Civil Action No. 18cv04-H-BMM-JTJ
*     Complaint (Doc. 2)
*     Supplement (Doc. 5)

The Clerk shall also e-mail the following documents to Legal Counsel for the Montana Department of Corrections:

*     this Order;
*     a Notice of Lawsuit & Request to Waive Service of Summons; and
*     a Waiver of Service of Summons

Counsel for the Montana Department of Corrections will not be served with a hard copy of these documents.

Counsel for Defendants must file a "Notice of Appearance" as a separate document at the time an Answer or Rule 12 motion is filed. *See* D. Mont. L.R. 12.2.

4. Any party's request that the Court grant relief, make a ruling, or take an action of any kind must be made in the form of a motion, with an appropriate caption designating the name of the motion, served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10, and 11. If a party wishes to give the Court information, such information must be presented in the form of a notice. The Court will not consider requests made or information presented in letter form.

5. Mr. Anderson <u>shall not</u> make any motion for default until at least seventy (70) days after the date of this Order.

6. Pursuant to Local 26.1(d) "no party may begin discovery until a scheduling order has been issued."

7. At all times during the pendency of this action, Mr. Anderson must immediately advise the Court and opposing counsel of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Further, the Court issues the following:

## RECOMMENDATIONS

Mr. Anderson's claims that Defendant Bouley treated him unfairly, came onto to him, and made him lose a lot of property as raised in Civil Action No. 18cv04, Doc. 2 should be DISMISSED.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Anderson may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1]  28 U.S.C. § 636.  Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 17th day of January, 2018.

       /s/ John Johnston
       John Johnston
       United States Magistrate Judge

---

[1] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)."  Therefore, since Mr. Anderson is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| MICHAEL HENRY ANDERSON,<br><br>Plaintiff,<br><br>vs.<br><br>DAN DELTEN, TOM SMIKINS, DAN JOHNSON, and BEN BOULEY,<br><br>Defendants. | CV 17-00063-H-BMM-JTJ<br>(CV 17-00070-H-BMM-JTJ)<br>(CV 18-00004-H-BMM-JTJ)<br><br>Rule 4 Notice of a Lawsuit and Request to Waive Service of Summons |

TO: Legal Counsel for the Montana
Department of Corrections
P.O. Box 201301
Helena, MT 59620-1301

A lawsuit has been filed against individuals you may represent in this Court under the number shown above. A copy of the complaints are attached.

This is not a summons or an official notice from the court. It is a request that, to avoid the cost of service by the U.S. Marshals Service, you waive formal service of a summons by signing and returning the enclosed waiver. To avoid these expenses, you must file the signed waiver within 30 days from the date shown below, which is the date this notice was sent.

If you file the signed waiver, the action will then proceed as if Defendants were served on the date the waiver is filed, but no summons will be served on

1

Defendants and Defendants will have 60 days from the date this notice is sent (see the date below) to answer the complaint.

If you do not return the signed waiver within the time indicated, the Court will order the U.S. Marshals Service to serve the summons and complaint on Defendant and may impose the full costs of such service.

Please read the statement below about the duty to avoid unnecessary expenses.

DATED this 17th day of January, 2018.

                                     */s/ John Johnston*
                                     John Johnston
                                     United States Magistrate Judge

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.
"Good cause" does not include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.
If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.
If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| MICHAEL HENRY ANDERSON,<br><br>Plaintiff,<br><br>vs.<br><br>DAN DELTEN, TOM SMIKINS, DAN JOHNSON, and BEN BOULEY,<br><br>Defendants. | CV 17-00063-H-BMM-JTJ<br>(CV 17-00070-H-BMM-JTJ)<br>(CV 18-00004-H-BMM-JTJ)<br><br>Rule 4 Waiver of the Service of Summons |

TO:   The U.S. District Court for the District of Montana

The following Defendants acknowledge receipt of your request to waive service of summons in these cases. Defendants also received a copy of the Amended Complaint. I am authorized by the following Defendants to agree to save the cost of service of a summons and an additional copy of the complaints in these actions by not requiring that the following individuals be served with judicial process in the case provided by Fed.R.Civ.P. 4:

_____;  _____;

_____;  _____;

The above-named Defendants understand that they will keep all defenses or objections to the lawsuit, the Court's jurisdiction, and the venue of the action, but

1

waive any objections to the absence of a summons or of service.

Defendants also understand that they must file and serve an answer or a motion under Rule 12 within 60 days from the date when the Request for Waiver of Service of Summons was filed and if they fail to so default judgment will be entered against them.

Date: _____

_____
(Signature of the attorney
or unrepresented party)

_____
(Printed name)

_____
(Address)

_____
(E-mail address)

_____
(Telephone number)