# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# HELENA DIVISION

| | |
|---|---|
| MICHAEL HENRY ANDERSON,<br><br>    Plaintiff,<br><br>v.<br><br>DAN DELTEN, TOM SMIKINS, and DAN JOHNSON, and BEN BOULEY.<br><br>    Defendants. | CV-17-00063-H-BMM-JTJ<br>CV-17-00070-H-BMM-JTJ<br>CV-18-00004-H-BMM-JTJ<br><br>**ORDER** |

Plaintiff Michael Anderson, a prisoner proceeding without counsel, filed an Amended Complaint in consolidated civil actions CV-17-00063-H-BMM-JTJ and CV-17-00070-H-BMM-JTJ. Anderson alleges that Defendants told other inmates that Anderson was a sex offender and a homosexual. Anderson further alleges that Defendants failed to protect him, and, as a result, other inmates assaulted him on several occasions.

Anderson filed a new Complaint on January 10, 2018, raising similar allegations against Ben Bouley. Anderson alleges that Bouley made it known that Anderson is transgender/gay and a sex offender. Anderson further alleges that

1

Bouley treated him unfairly, came onto him, put him "in the hole" in retaliation for not having sex with Bouley, and made him lose property. Judge Johnston consolidated civil actions 17-00063-H-BMM-JTJ, 17-00070-H-BMM-JTJ, and 18-00004-H-BMM-JTJ for all purposes. (Doc. 6 at 8.)

United States Magistrate Judge John Johnston entered Findings and Recommendations in this matter on January 17, 2018. (Doc. 6.) Neither party filed objections. When a party makes no objections, the Court need not review *de novo* the proposed Findings and Recommendations. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1986). This Court will review Judge Johnston's Findings and Recommendations, however, for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

Judge Johnston determined that Anderson's allegations in his Complaint against Bouley fail to state a claim upon which relief may be granted and should be dismissed. (Doc. 6 at 4.) The Eight Amendment does "not necessarily extend to mere verbal sexual harassment." *Austin v. Terhune*, 367 F.3d 1167, 1171 (9th Cir. 2004). Judge Johnston determined that Anderson's allegations of verbal harassment by Bouley, even if sexual in nature, do not state a viable claim under 42 U.S.C. § 1983. (Doc. 6 at 5.)

Judge Johnston determined that Anderson failed to state a claim for deprivation of property. *Id.* at 6. Prisoners have a protected interest in their personal property. *Hansen v. May*, 502 F.2d 728, 730 (9th Cir. 1974). Negligent and/or unauthorized intentional deprivations of property by a state employee, however, do not constitute a violation of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss remains available. *Hudson v. Palmer*, 468 U.S. 517, 532, n. 13 (1984). Judge Johnston determined that Anderson made no allegation that the deprivation of his property was authorized. (Doc. 6 at 6.) Further, the Montana Torts Claim Act provides Anderson with an adequate post-deprivation remedy. *Id.*

Accordingly, Judge Johnston recommends that the Court dismiss Anderson's claims that Bouley treated him unfairly, came onto to him, and made him lose property as alleged in the Complaint in CV-18-0004-H-BMM-JTJ. (Doc. 6 at 11.) The Court has reviewed Judge Johnston's Findings and Recommendations for clear error. The Court finds no error in Judge Johnston's Findings and Recommendations, and adopts them in full.

**IT IS ORDERED** that Judge Johnston's Findings and Recommendations (Doc. 6), is ADOPTED IN FULL.

**IT IS ORDERED** that Anderson's claim against Defendant Ben Bouley for treating Anderson unfairly, coming onto to Anderson, and making Anderson lose a lot of property as alleged in 18-00004-H-BMM-JTJ are DISMISSED.

DATED this 6th day of February, 2018.

Brian Morris
United States District Court Judge